**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICHARD ANTHONY SEARS, | § | |
| (TDCJ-CID #1311234) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2529 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Richard Anthony Sears, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2008 state felony conviction for cocaine possession. The respondent filed a motion for summary judgment, (Docket Entry No. 15), with a copy of the state court record, (Docket Entry No. 9). Sears filed a response, (Docket Entry No. 16). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.      Background**

On December 22, 2004, Sears was charged in a two-count indictment with possession and possession with intent to deliver cocaine. *Ex parte Sears,* Application No. 73,912-01 at 10. Sears was released on bail. He failed to appear when the State announced ready on May 3, 2005. (*Id*. at 4). The court granted the prosecutor's motion to have Sears's bond forfeited. On January 24, 2008, Mark Racer was appointed to represent Sears. On June 24, 2008, the trial court conducted a hearing on Sears's motion to suppress. (*Id*. at 5). The motion was denied. Sears pleaded guilty to possession of cocaine. (Cause Number 39,249A, 240th Judicial District Court of Fort Bend County, Texas).

Sears filed an application for state habeas corpus relief on August 28, 2009. The Texas Court of Criminal Appeals denied the application without written order, on findings of the trial court, without a hearing, on May 19, 2010. *Ex parte Sears,* Application No. 73,912-01 at cover.

On July 9, 2010, this court received Sears's federal petition. Sears contends that his conviction is void for the following reasons:

(1)     the traffic stop was racially motivated because he was a young black male driving an expensive vehicle in the early morning hours;

(2)     law enforcement conducted an illegal search and arrest during a traffic stop;

(3)     the trial court erred in refusing to suppress the illegally obtained evidence;

(4)     Sears did not enter his guilty plea knowingly and intelligently because his counsel gave ineffective assistance;

(5)     trial counsel gave ineffective assistance by failing to advise Sears that a guilty plea would preclude him from appealing the trial court's denial of the motion to suppress; and

(6)     the State violated the Ex Post Facto Clause by improperly elevating Sears's sentence based on a subsequent conviction.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8B).

The respondent moves for summary judgment on the ground that Sears's petition was filed too late; ground five is unexhausted; some claims are procedurally barred; and all the claims lack merit. This court will consider the merits.

**II.     The Applicable Legal Standards:**

The federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), apply.  28 U.S.C. § 2254.  Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits.  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural."  *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).  A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).  A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result.  *Williams v. Taylor,* 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Id.* at 1495.  Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear

and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

The Supreme Court has recently emphasized the wide latitude that must be accorded state court rulings under AEDPA review. *See, e.g. Harrington v. Richter,* --- U.S. ---, 131 S. Ct. 770, 785 (2011); *Premo v. Moore,* --- U.S. ---, 131 S. Ct. 733, 743 (2011); *Renico v. Lett,* --- U.S. ---, 130 S. Ct. 1855, 1862–66 (2010); *Thaler v. Haynes,* --- U.S. ---, 130 S. Ct. 1171, 1173–75 (2010). In particular, the Supreme Court has stressed that section 2254, as amended by AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only when there have been "extreme malfunctions in the state criminal justice systems." *Wilson v. Cain,* --- F.3d ----, 2011 WL 1792073 (5th Cir. May 11,

4

2011) (citing *Harrington* 131 S. Ct. at 786). The Supreme Court has concluded that as long as "fairminded jurists could disagree" on the correctness of the state court's decision, federal habeas relief should not be granted. *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Even if the federal court disagrees with a state court ruling, the federal court should not grant habeas relief unless that ruling was objectively unreasonable. *See id.* at 785 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (quoting *Williams v. Taylor,* 529 U.S. 362 (2000) (emphasis in original)).

Sears is proceeding *pro se.* A *pro se* habeas petition is construed liberally and not held to the same stringent and rigorous standards as pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Sears's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999). This court has reviewed Sears's state habeas applications and memoranda for the factual bases of his claims.

## III.    The Claim as to the Voluntariness of the Guilty Plea

### A.    The Legal Standard

Sears claims that his guilty plea is involuntary because his defense lawyer failed to advise him that he could not appeal the denial of the motion to suppress if he pleaded guilty. A federal court upholds a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976). The

critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).  If the record shows that the defendant "understood the charge and its consequences," a federal court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

**B.**     **Analysis**

The record shows that on August 26, 2008, Sears appeared in open court and entered a guilty plea. *Ex parte Sears,* Application No. 73,912-01 at 19-24.  The trial court admonished Sears, in writing, on the nature of the offense charged -- possession of a controlled substance, cocaine, on December 5, 2003 -- and the punishment range.  (*Id*. at 19).  Sears signed a three-part document containing the admonishments.  The first part, entitled, "COURT'S WRITTEN ADMONISHMENTS," listed five separate items.  Sears placed his initials beside each of the five admonishments.  *Ex parte Sears,* Application No. 73,912-01 at 19-20.  The document stated that the range of punishment for the offense of possession of a controlled substance, cocaine, was two to twenty years confinement in prison and a $10,000 fine.  (*Id*. at 19).  Sears placed his initials by each of six statements in the second part of the document entitled, "WAIVER OF STATUTORY AND CONSTITUTIONAL RIGHTS."  By his signature, Sears stated that he waived his constitutional right to a trial by jury; to the appearance, confrontation, and cross-examination of witnesses; and to his right against self-incrimination.  *Ex parte Sears,* Application No. 73,912-01 at 19-20.

Sears also placed his initials by each of six statements in the third part of the document, entitled, "WRITTEN STIPULATION AND JUDICIAL CONFESSION."  Sears attested to the truth of the

6

allegations in the indictment and confessed that he had committed the acts on December 5, 2003. (*Id.* at 21). Sears, his attorney, and the prosecutor executed this document. These statements verified that Sears had understood all the court's admonitions and the consequences of pleading guilty. The statements included an assertion that Sears was mentally competent. By initialing the statements, Sears acknowledged that the State would recommend a fifteen-year prison term; that he fully understood the consequences of the plea and had consulted with counsel; and that he freely and voluntarily entered his plea in open court, with his counsel's approval. *Ex parte Sears,* Application No. 73,912-01 at 21. Sears's signature indicates that he understood the nature of the charge against him and the consequences of his plea. Sears's defense attorney signed the plea and a statement that he had fully discussed the plea and its consequences with Sears and believed that he had entered the plea knowingly and voluntarily. (*Id.* at 23).

"Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)). The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990). The trial court determined that Sears had entered his plea knowingly and voluntarily after discussing the case with his attorney. (*Id.* at 24).

The state habeas court entered the following findings:

> 1. Applicant waived a jury in the trial of this cause and submitted the same to the Court. On August 26, 2008, after being advised by trial counsel of his rights the Applicant voluntarily and knowingly waived his rights and entered a plea of guilty. Applicant entered a plea of guilty to the charge as alleged in the indictment after being admonished as required by law and it appearing to the Court that the

Applicant's plea was freely and voluntarily made and that he was aware of the consequences of his plea, said plea was received by the Court.

2.   Applicant signed extensive admonitions, waivers, stipulations, and a judicial confession in which he acknowledged his guilt and the waiver of his rights.

3.   This Court explicitly found that the Applicant is mentally competent; that he is represented by competent and effective counsel; that he has received and fully understands the written admonitions of the court; that he has, with approval of counsel, voluntarily and knowingly executed waivers of statutory and constitutional rights; that, after the Court has admonished the Defendant of the consequences of his plea, he is fully aware of the consequences of his plea and of his signing the stipulation of evidence and judicial confession; and that the State consents and approves the waiver of jury trial, written stipulation and judicial confession.

4.   This Court explicitly found that the plea of the Applicant, along with the admonitions, waivers, stipulations of evidence and judicial confession, to be voluntarily and knowingly made.

5.   The plea of guilt was accepted with an agreed recommendation as to the punishment to be assessed of fifteen years in the Institutional Division of the Texas Department of Criminal Justice,

6.   Applicant was fully advised by his attorney of his rights as set forth in the plea papers which were initialed and signed by the Applicant.

7.   Applicant's plea of guilty was knowingly and voluntarily made.

*Ex parte Sears*, Application No. 73,912-01 at 94-95, Findings ##1-7.

The state habeas court concluded:

2.   A defendant who pleads guilty after having been properly admonished of his constitutional rights, who has knowingly and voluntarily waived those rights, and who has been admonished as required by Texas Code of Criminal Procedure Art. 26.13, is presumed to have entered a voluntary and knowing plea. *Mitschke v. State,* 129 S.W.3d 130 (Tex. Crim. App. 2004).

3.  Applicant has failed to overcome the presumption that his plea was voluntarily and knowingly entered.  To the contrary, the record reflects that Applicant's plea was, in fact, voluntarily and knowingly entered.

4.  Applicant has failed to overcome the presumption of regularity associated with guilty pleas.  *Ex parte Wilson,* 716 S.W.2d 953 (Tex. Crim. App. 1997).

5.  Unsupported, conclusory allegations are insufficient to warrant habeas corpus relief and applicant's request for relief should be denied.  *Ex parte Maldonado,* 688 S.W.2d 114 (Tex. Crim. App. 1985).

6.  Applicant is not entitled to relief because his plea was knowingly and voluntarily entered.

*Ex parte Sears*, Application No. 73,912-01 at 96, Conclusions ##2-6.  The Texas Court of Criminal Appeals denied relief on Sears's claim for postconviction relief based on the findings of the trial court.

On habeas review, the federal courts are bound by the credibility choices made by the state court.  *Hogue v. Johnson,* 131 F.3d 466, 505 (5th Cir. 1997).  As a federal court in a habeas proceeding, this court is required to grant a presumption of correctness to a state court's explicit and implicit findings of fact if supported by the record.  *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).  The state court record fairly supports the explicit finding that Sears voluntarily pleaded guilty.  The record shows that Sears voluntarily entered his plea after consulting with his counsel.  The state court's decision to deny relief was not contrary to clearly established federal law, as determined by the Supreme Court of the United States.  Sears's claim for habeas relief based on the involuntariness of his guilty plea lacks merit.  28 U.S.C. § 2254(d)(1).

### IV.    The Claim of Ineffective Assistance of Counsel

#### A.    The Legal Standard

Sears asserts that his trial counsel never told him that by entering a guilty plea, he would be precluded from appealing the trial court's denial of the motion to suppress.  The respondent argues that this claim is unexhausted, (Docket Entry No. 15, Respondent's Motion for Summary Judgment, p. 12), but a federal court may address unexhausted claims on the merits and deny such claims.  *See* 28 U.S.C. § 2254( b)(2).

To establish a claim of ineffective assistance, Sears must satisfy the two-prong test of *Strickland v. Washington,* 466 U.S. 668 (1984).  First, he must demonstrate that his counsel's performance was objectively unreasonable.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002); *see Strickland,* 466 U.S. at 690 ("The court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.").  Second, he must show that he was prejudiced by that deficient performance by demonstrating that "but for counsel's ineffective performance, there is a reasonable probability that a different outcome would have been reached."  *Smith,* 311 F.3d at 668.

The Supreme Court has applied the two-prong *Strickland* analysis to ineffective-assistance claims in the context of a guilty plea.  *Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985).  The petitioner in *Hill* alleged that his guilty plea was involuntary because his attorney had misinformed him about parole eligibility under his plea agreement.  *Id.* at 54–55.  The Court held that, in the guilty plea context, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id.* at 59.  The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." *Id.*   In other words, the petitioner must show a reasonable probability that  would not have entered a guilty plea and would have insisted on a trial, except for counsel's deficient performance.  *Arnold v. Thaler,* 630 F.3d 367, 370 (5th Cir. 2011); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996).   A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland,* 466 U.S. at 694.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy."  *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed."  *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).   "Judicial scrutiny of counsel's representation must be highly deferential . . . [with] every effort [ ] made to eliminate the distorting effects of hindsight."  *Strickland,* 466 U.S. at 687-89.  The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (citation and internal quotation marks omitted).  If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  *Crane v. Johnson,* 178 F.3d 309, 314 (5th Cir. 1999).  A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack

of prejudice.  There is no need to reach both components if the defendant makes an insufficient showing on one.  *Strickland,* 466 U.S. at 697.

In *Premo v. Moore,* 131 S. Ct. 733, 741-42 (2011), the United States Supreme Court stressed the deference that must be accorded counsel's judgment in the plea-bargaining context:

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function.  Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place.  Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks.  The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve.  A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger.  The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

> These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage.  Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context.  First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real.  The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision.  There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial.  In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed.2d 180 (1993).  AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture," *Richter,* --- U.S., at ----, 131 S. Ct. 770.  Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*.  The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused.  *Strickland,* 466 U.S., at 688, 104 S. Ct. 2052.  In applying and defining this standard substantial deference must be accorded to counsel's judgment.  *Id.,* at 689, 104 S. Ct. 2052.  But at different stages of the case that deference may be measured in different ways.

In the case of an early plea, neither the prosecution nor the defense may know with much certainty what course the case may take.  It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived.  The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered.

*Moore,* 131 S. Ct. at 741-42.

### B.    Analysis

The relevant inquiry is whether his counsel's performance interfered with Sears's ability to understand the nature of the charges against him and the consequences of his plea.  Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.  *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert.*

*denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).  To determine whether counsel's performance was deficient, this court considers whether he was "familiar with the [relevant] facts and law" so that the advice he gave permitted Sears to make an informed and conscious choice to plead guilty.  Sears claims that counsel never told him that if he entered a guilty plea he could not appeal the trial court's denial of the motion to suppress.

In his affidavit to the state habeas court, Sears's trial counsel stated:

> I was appointed to represent Richard Anthony Sears in Cause No. 39249A in the 240th District Court of Fort Bend County, Texas.  Mr. Sears pled guilty to Count One which was a second degree possession of a controlled substance.  The first degree charge in Count Two of possession of a controlled substance with intent to deliver was dismissed.

> I filed a Motion to Suppress which was heard before Judge Thomas R. Culver, III., the trial judge, prior to trial.  I discussed this case and the issues regarding the Motion to Suppress with Mr. Sears on several occasions.  Mr. Sears was present during the hearing on the Motion to Suppress and testified in the hearing.  The trial judge denied the Motion to Suppress and the case was set for trial.

> During plea negotiations the prosecuting attorney, Mark Hanna, indicated that he had made a previous offer of eight (8) years in the Texas Department of Criminal Justice-Institutional Division if Mr. Sears pled guilty.   However, Mr. Hanna withdrew that offer when Mr. Sears was charged with another offense in Harris County, Texas.  I discussed the plea negotiations with Mr. Sears on more than one occasion and explained to him why the offer of eight (8) years in the Texas Department of Criminal Justice-Institutional Division had been withdrawn.  Mr. Sears was aware of the reasons the plea offer of 8 years had been withdrawn by the prosecuting attorney.

> The indictment in this case did not contain any enhancement paragraphs and Mr. Sears did not plead true to any enhancement paragraphs.  The case was not elevated to a different range of punishment by some new charge.  During plea negotiations Mr. Hanna indicated that Mr. Sears had been previously convicted of a felony that could have been used to make the sentence in this case a minimum of 15 years in the Texas Department of Criminal Justice-

Institutional Division. I discussed this case with Mr. Sears on numerous occasions as I prepared for trial. I prepared and filed the Motion to Suppress and a Motion in Limine. Prior to trial a plea bargain was reached in which Mr. Sears would plead guilty to possession of a controlled substance, namely cocaine, in an amount from 4 grams to 200 grams. The prosecuting attorney agreed to dismiss the count of possession of a controlled substance with intent to deliver. Prior to entering the plea bargain I discussed with Mr. Sears his right to appeal the ruling by the trial judge in denying the Motion to Suppress. I explained to Mr. Sears that if he went to trial in this case and was found guilty he could appeal and argue the trial judge erred in denying the Motion to Suppress. We discussed the merits of such an appeal. Mr. Sears decided to accept the plea bargain and as part of the plea bargain Mr. Sears voluntarily waived his right to appeal. Mr. Sears was not confused or incompetent at the time of the plea. Prior to entering the plea Mr. Sears knew that the trial judge had denied the Motion to Suppress filed in this case and the grounds for doing so. Mr. Sears entered into the plea bargain freely and voluntarily.

*Ex parte Sears*, Application No. 73,912-01 at 90-91.

The state habeas court found:

1. Applicant waived a jury in the trial of this cause and submitted the same to the Court. On August 26, 2008, after being advised by trial counsel of his rights the Applicant voluntarily and knowingly waived his rights and entered a plea of guilty. Applicant entered a plea of guilty to the charge as alleged in the indictment after being admonished as required by law and it appearing to the Court that the Applicant's plea was freely and voluntarily made and that he was aware of the consequences of his plea, said plea was received by the Court.

2. Applicant signed extensive admonitions, waivers, stipulations, and a judicial confession in which he acknowledged his guilt and the waiver of his rights.

3. This Court explicitly found that the Applicant is mentally competent; that he is represented by competent and effective counsel; that he has received and fully understands the written admonitions of the court; that he has, with approval of counsel, voluntarily and knowingly executed waivers of statutory and constitutional rights; that, after the Court has admonished the Defendant of the

15

consequences of his plea, he is fully aware of the consequences of his plea and of his signing the stipulation of evidence and judicial confession; and that the State consents and approves the waiver of jury trial, written stipulation and judicial confession.

4.  This Court explicitly found that the plea of the Applicant, along with the admonitions, waivers, stipulations of evidence and judicial confession, to be voluntarily and knowingly made.

5.  The plea of guilt was accepted with an agreed recommendation as to the punishment to be assessed of fifteen years in the Institutional Division of the Texas Department of Criminal Justice.

6.  Applicant was fully advised by his attorney of his rights as set forth in the plea papers which were initialed and signed by the Applicant.

7.  Applicant's plea of guilty was knowingly and voluntarily made.

*Ex parte Sears*, Application No. 73,912-01 at 94-95, Findings ##1-7.

The summary judgment evidence shows that Sears stated, in court, in writing that he understood the trial court's admonitions and the consequences of his guilty plea, and that he freely and voluntarily pleaded guilty.  *Ex parte Sears*, Application No. 73,912-01 at 19-24.  Sears stated, in court, in writing, that he had discussed the contents of the court's written admonitions with his attorney and understood them, and that he was satisfied with the representation trial counsel had provided.  These documents are entitled to a presumption of regularity under 28 U.S.C. § 2254(e); *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court concluded that Sears was not entitled to relief because his plea was knowingly and voluntarily entered.  (*Id*. at 96).  This court must afford the state court's factual findings a presumption of correctness, which Sears has failed to rebut.  28 U.S.C. § 2254(d)(2). The record shows that defense counsel advised Sears about the legal options and discussed the advantages and disadvantages of each.  Based on his review of the evidence, his knowledge of the

16

law, and knowledge of Sears's criminal history, defense counsel told Sears that he should enter a plea of guilty.  The record shows that counsel's actions were based on well-informed strategic decisions, and they are well within the range of practical choices, not to be second-guessed.  *Premo v. Moore,* 131 S. Ct. 733, 741-42 (2011).

The state court's decision was a reasonable application of the law to the facts and was not contrary to clearly established federal law, as determined by the Supreme Court of the United States.  Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

### C.      The Remaining Claims Relating to the Assistance of Counsel

Sears's remaining claims that law enforcement officers violated his Fourth Amendment rights and that his sentence was improperly enhanced do not provide a basis for habeas relief.  "When a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings."  *United States v. Stevens,* 487 F.3d 232, 238 (5th Cir.), *cert. denied,* --- U.S. ----, 128 S. Ct. 336 (2007).  The waiver includes "claims of governmental misconduct during the investigation" and Fourth Amendment claims, *United States v. Cothran,* 302 F.3d 279, 286 (5th Cir. 2002).  Sears's guilty plea precludes him from claiming that law enforcement violated his Fourth Amendment rights.  *United States v. Cothran,* 302 F.3d 279, 285–86 (5th Cir. 2002) (noting that a Fourth Amendment claim is waived by guilty plea).  Sears is also precluded from relitigating his Fourth Amendment claim in this federal habeas proceeding because he had an opportunity fully and fairly to litigate the claim in state court.  When such an opportunity is provided, a state prisoner may not obtain federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  *Stone v. Powell,* 428 U.S. 465, 494 (1976).  Under *Stone,* search and seizure claims are precluded on habeas

unless the petitioner presents sufficient "allegations that the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown,* 609 F.2d 216, 220 (5th Cir. 1980). If the state court record reflects that the petitioner's opportunity to challenge the introduction of evidence was "not circumscribed," a federal habeas court will not "scrutinize a state court's application of Fourth Amendment principles." *Billiot v. Maggio,* 694 F.2d 98, 100 (5th Cir. 1982).

Sears alleges that law enforcement officers illegally stopped him on the basis of racial profiling. During that traffic stop, the law enforcement officers searched his vehicle and discovered cocaine. Sears argues that this controlled substance was the fruit of an illegal search. Texas law provided Sears a full opportunity to litigate his Fourth Amendment claims through pretrial motions to suppress evidence. TEX. CODE CRIM. PROC. art. 28.01, § 1(6). The record shows that the trial court conducted a hearing on Sears's motion to suppress on June 24, 2008. Sears has not shown that the state court's process of litigating Fourth Amendment claims is routinely or systematically applied in such a way as to prevent actual litigation of such claims, or that it was so applied in his case. Sears's Fourth Amendment challenge to the search and his arrest cannot be a basis for habeas relief because the state court provided him an opportunity for full and fair litigation of that challenge. *Stone,* 428 U.S. at 494 (1976). The bar applies despite any state trial court error in deciding the merits of the Fourth Amendment claim. *Andrews v. Collins,* 21 F.3d 612, 631-32 (5th Cir. 1994); *Christian v. McKaskle,* 731 F.2d 1196, 1199 (5th Cir. 1984).

Sears also claims that his sentence was improperly enhanced by an unrelated conviction. Sears appears to argue that the prosecutor violated the terms of an earlier plea offer. The record

provides no support for these claims.  *Ex parte Sears,* Application No. 73,912-01 at 10.  The indictment charging Sears does not contain any enhancement paragraphs.  In his affidavit to the state habeas court, Sears's defense counsel stated that, "[t]he indictment in this case did not contain any enhancement paragraphs and Mr. Sears did not plead true to any enhancement paragraphs.  The case was not elevated to a different range of punishment by some new charge."  *Ex parte Sears*, Application No. 73,912-01 at 90.  Sears's claim that his sentence was illegally enhanced lacks merit.  Defense counsel also explained in his affidavit that the prosecutor initially offered an eight-year sentence in exchange for Sears's guilty plea.  The prosecutor withdrew this plea offer when he discovered that Sears had a prior conviction that could be used to enhance the sentence.  Sears is not entitled to habeas relief on these claims.

### B.      The Claim of Prejudice Resulting from Counsel's Deficient Performance

Even if Sears could demonstrate that his counsel was deficient, he could not satisfy the second *Strickland* prong.  Sears has failed to show that there was a reasonable probability that but for defense counsel's alleged unprofessional errors, Sears would not have entered a guilty plea.  Sears received a fifteen-year prison term when he pleaded guilty.  Count Two of the indictment charged Sears with possession of a controlled substance with intent to deliver, a first-degree felony offense.  *Ex parte Sears,* Application No. 73,912-01 (Event Id. 2406420) at 13.  The prosecutor dismissed this more serious charge in exchange for Sears's guilty plea.  The prison term for a first-degree felony is five to ninety-nine years imprisonment and in addition, a fine not to exceed $10,000.00.  TEX. PENAL CODE ANN. § 12.32 (West 2008).  If enhanced with one prior felony conviction, the sentence range is fifteen to ninety-nine years imprisonment and a fine of $10,000.  TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2008).

On-line research reveals that Sears was previously convicted of the following offenses:

(1)     On March 28, 1991, Sears was convicted of aggravated robbery (Cause Number 571403);

(2)     On May 26, 2005, Sears was convicted of being a felon in possession of a weapon (Cause Number 1020650);

(3)     On May 26, 2005, Sears was convicted of possession of cocaine with intent to deliver (Cause Number 982980);

(4)     On January 19, 2006, Sears was convicted of forgery (Cause Number 48652); and

(5)     On March 23, 2007, Sears was convicted of assault on a public servant (Cause Number 1095739).

In the event of a trial, the jury would have learned of Sears's lengthy criminal history.  Defense counsel discussed with Sears the possibility of going to trial and appealing the trial court's ruling denying the motion to suppress.  Defense counsel also advised Sears that the prosecutor would dismiss Count Two of the indictment, a first-degree offense, if Sears pleaded guilty.  Sears has not shown that but for counsel's alleged errors, he would have insisted on going to trial and being exposed to a far more severe sentence.

The state court's decision to deny relief was not contrary to clearly established federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Sears's claim for habeas relief based on ineffective assistance of counsel lacks merit.

**V.     Conclusion**

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted.  Sears's petition for a writ of habeas corpus is denied.  This case is dismissed.  Sears's motion to amend his

petition, (Docket Entry No. 14), is granted *nunc pro tunc.*  Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a COA before appealing the district court's denial of habeas relief.  28 U.S.C. § 2253(c)(2).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (citing 28 U.S.C. § 2253(c)(1)).  "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal."  *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 482 (2000); *Hohn v. United States*, 524 U.S. 236, 248 (1998)).  A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted).  Any doubt about whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997).

The analysis "requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El*, 123 S. Ct. at 1039.  The court must look to the district court's application of AEDPA to the petitioner's constitutional claims and determine whether the court's resolution was debatable among reasonable jurists.  *Id.*  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  *Id.*  Rather, "'[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Id*. at 1040 (citing *Slack v. McDaniel,* 529 U.S. 473, 484).

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument.  *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  This court determines that Sears has not made "a substantial showing of the denial of a constitutional right." A certificate of appealability from this decision will not issue.


SIGNED on May 31, 2011, at Houston, Texas.


Lee H. Rosenthal
United States District Judge