IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ANTHONY SEARS, (TDCJ-CID #1311234) §§§§ Petitioner, §§ VS. §  RICK THALER, §§§§ Respondent. § | CIVIL ACTION NO. H-10-2529 |

**ORDER**

On May 31, 2011, this court granted the respondent's motion for summary judgment. (Docket Entry No. 17). In his motion for relief from judgment, Sears argues that this court failed to address certain issues concerning his guilty plea. (Docket Entry No. 19, p. 1).

Federal Rule of Civil Procedure 60(b) provides that:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b)(1), (2) and (3) motions may be filed up to one year after the judgment is entered, and "within a reasonable time" for all remaining grounds. *See* FED. R. CIV. P. 60(b). Under Rule 60(b)(6), a court may vacate a judgment only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

In his motion for reconsideration, Sears argues that this court erred by:

(1) finding that his claims were adjudicated on the merits in state court;

    (2)    according the state court findings a presumption of correctness;

    (3)    finding that Sears had a full and fair opportunity to litigate his Fourth Amendment claims; and

    (4)    finding that counsel rendered effective assistance.

This court previously conducted a detailed analysis of Sears's claims based on the voluntariness of his guilty plea and effective assistance of counsel. After reviewing the guilty plea proceedings and the state court's findings of fact, this court determined that Sears was not entitled to federal habeas corpus relief. *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). To the extent that Sears argues that there is additional evidence to support his claims, or is raising a new claim, he is seeking to file a successive petition without the permission from the Fifth Circuit Court of Appeals required by AEDPA. This court lacks jurisdiction to consider such a claim. Before a second or successive application permitted by § 2244(b)(2) is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Title 28 U.S.C. Section 2244(b)(3)(A). Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court).

Sears has failed to establish "extraordinary circumstances" that would provide a basis to vacate the judgment. Sears's motion for reconsideration, (Docket Entry No. 19), is denied.

SIGNED on November 22, 2011, at Houston, Texas.

                                                  Lee H. Rosenthal
                                                  United States District Judge